UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDGAR STARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:07CV01073 CDP |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This is an action under 42 U.S.C. 405(g) for judicial review of the Commissioner's final decision denying Plaintiff Edgar Starr's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. As set forth in more detail below, this is an unusual case, and although the evidence of disability is extremely limited, I believe the case must be remanded to give claimant another opportunity to appear at a hearing before the ALJ.

## Procedural History

Starr filed this claim for disability benefits in November of 2003, alleging that he had been disabled since 1983. He had previously filed claims in 1983,

1995, and 2000, and those claims were denied. The ALJ declined to reopen the previous denials. It is undisputed that Starr's last insured date for Title II benefits is June 30,1990, so he is not entitled to Title II benefits.

Starr's application was denied initially on December 22, 2003. He then applied for a hearing; the hearing was scheduled for November 24, 2004. Starr's counsel appeared at the hearing, but he himself did not appear, and his counsel did not know why he was not there. A Notice to Show Cause was sent to Starr, and in response his daughter, Edna Jones, sent a letter saying that she had lost the map to the hearing, had attempted to telephone the Social Security office as well as counsel's office, but had been unsuccessful in getting directions or even getting confirmation of the date and time of the hearing. She described certain family problems, including a death in the family, and stated "My father became very depress and I couldn't get an appointment for him to see the doctor until Dec. 6, 2004." She asked that the hearing be rescheduled and ended by saying, "I will get him there."

The Administrative Law Judge found that Starr had not shown good cause for his failure to appear:

> The Administrate Law Judge does not find this statement by the claimant's daughter sufficient to establish good cause for failure to attend the hearing. Inquiry with the telephone hearing office monitor

and unit clerks, along with the security officer, who normally is called upon to give directions to those inquiring, failed to reveal any knowledge of the claimant or his daughter requesting directions to the hearing office. No letter had been received prior to the date of hearing or telephone request for a continuation of the hearing. Furthermore, there is no evidence in the file that the claimant's daughter had standing in this case as his representative or guardian. Also, there was no confirmation in [counsel's] letter indicating that the claimant or his daughter called his office for assistance in this matter, as Mrs. Jones stated in her letter. As such, the undersigned does not find good cause for the claimant's failure to attended the hearing. The Administrative Law Judge is deeming him to have waived his right to appear and give testimony at a hearing.

The ALJ went on to find Starr was not disabled. On March 30, 2007, the Social Security Administration Appeals Council denied Starr's request for review. The decision of the ALJ is the final decision of the Commissioner.

### **Evidence before the ALJ**

There is very little evidence of disability in the file. In his disability report Starr listed arthritis, pancreatitis, ulcers, heart condition, memory loss, shortness of breath and "my vision is getting worse." The record contains medical records going back to 1988, but given the twenty-year span, those records are relatively limited. The records show that Starr had seen doctors for the various conditions he listed, and that he had been hospitalized in 1993, 1999, and 2001, each time suffering from acute pancreatitis. He was also hospitalized in 2000 for treatment of coronary artery disease. Although Starr does not allege disability because of

alcoholism, the medical records repeatedly note problems with alcohol, including several opinions linking the pancreatitis to alcohol abuse. Several of the records indicate that he told medical professionals on different occasions that he either had cut back on his drinking or was making efforts to do so. There is no indication that any doctor has ever opined that Starr is disabled.

Starr is currently 59 years old, and is illiterate, although IQ records from fifth grade (the last grade he attended) indicate he has normal intelligence. According to the Claimant Questionnaire dated December 6, 2003, Starr lives with his daughter, Edna Jones. He is unable to pay bills, use a checkbook, or complete a money order. He washes dishes, makes the bed, changes sheets, vacuums, sweeps, takes out the trash and does laundry. He can mow the lawn until his legs give out. He can rake until his body aches. He cannot remember and see as well as he used to. He describes pain which keeps him from sleeping. It appears to me (based on the handwriting) that his daughter filled out all the forms for him that appear in the record, although he signed them.

## **The ALJ Findings**

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on March 16, 1983, the date the claimant stated he became unable to work, and continued to meet them through June 30, 1990.

2. The claimant has not engaged in substantial gainful activity since 1982.

3. The claimant has a history of pancreatitis, alcohol abuse, ulcers, and hemorrhoids.

4. The claimant's allegations are found not credible based on inconsistencies in the record as a whole.

5. The claimant does not have any impairment or impairments, which significantly limit his ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment (20 CFR 404.1521 and 416.921).

6. The claimant was not under a disability, as defined in the Social Security Act, at any time through the date of this decision (20 CFR 494.1520 (c) and 416.920 (c).

The ALJ's decision sets out in some detail his reasons for the above findings, including pointing out inconsistencies in Starr's statements over the years to the medical providers and in his disability report, his relatively scant medical care, and the lack of any medical evidence to support a claim that any of Starr's medical conditions had a continuous or more than minimal affect on his ability to work.

## **Discussion**

Were it not for the lack of a hearing, I would most likely conclude that the Commissioner's findings are supported by substantial evidence on the record as a whole. The ALJ properly evaluated the evidence and followed the sequential process for determining disability. I understand that allowing the claimant or his

daughter to testify may not change the result, given the dearth of medical evidence. But neither I nor the ALJ can be sure of that. It may be that testimony will indicate that there are other problems that should be investigated, including the possibility of cognitive impairments that limit Starr's ability to work. It may be that testimony will reveal that because of financial limitations Starr has not sought the medical care he needs. On the other hand, it may be that the evidence will show that it is Starr's lack of education and perhaps lack of interest in work that explains his limited work history and/or inability to work. In any event, given the important information that could be brought forward at a hearing, I must determine whether the ALJ's determination that Starr constructively waived his right to appear was appropriate. I conclude that it was not, and that due process at least required giving Starr a second chance to appear at the hearing he requested.

The parties' briefs argue over the correct application of the Hearing, Appeals and Litigation Law (HALLEX) manual guideline I-2-4-25(D).[1] HALLEX I-2-4-25(D) governs when an ALJ can consider a claimant's failure to appear as a constructive waiver of his right to appear at a hearing. HALLEX I-2-4-

---

[1] There is a Circuit split on the issue of whether the HALLEX manual is binding law. See Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir.2000) (finding that HALLEX has no legal force); But cf. Newton v. Apfel, 209 F.3d 448, 456 (5th Cir.2000) (HALLEX is not binding law but administrative agencies should follow their own internal regulations).

25(D) is discretionary – it permits, but does not require, an ALJ to make a finding of constructive waiver. Under the guideline, an ALJ may find constructive waiver "if the representative is unable to find the claimant, the notice of hearing was mailed to the claimant's last know address, and the contact procedures of 20 CFR 404.938 and 416.1438 have been followed." Id.

Even assuming that the proper notice and contact procedures were followed, Starr's counsel was always able to find him. Starr was contacted by counsel soon after the missed hearing. There is no indication in the record that Starr has not been in regular contact with his counsel. The language of the HALLEX guideline suggests that it was meant to give discretion to an ALJ to find constructive waiver when the claimant is completely out of contact with counsel and the ALJ and fails to respond to a show cause order, not when, as here, the claimant fails to appear but is easily reachable. Additionally, while the guideline indicates that constructive waiver can be found if a claimant fails to respond to the show cause order, it does not provide any standards for determining the sufficiency of an excuse when a claimant does respond. The HALLEX guideline simply does not provide the necessary guidance in this case.

The opportunity to personally appear at a hearing before a claim for disability benefits is denied is required by both the Social Security Act and the Due

Process Clause of the Fifth Amendment. See Stoner v. Sec. of Health and Human Services, 837 F.2d 759 (6th Cir. 1988). The claimant can, of course, waive the hearing. Id. at 761; 20 C.F.R. §404.950(b). Any waiver should be knowing and voluntary. See Stiver v. Shalala, 879 F. Supp. 1021 (D. Neb. 1995) (waiver not knowing and voluntary where claimant incorrectly believed he had to travel over 200 miles to attend); see also Parker v. Astrue, Case No. 07-33 DSD/FLN, 2008 WL 706611 (D. Minn. March 14, 2008) (remand required where claimant too ill to attend hearing where ALJ heard evidence from medical and vocational experts, even though it was the fourth hearing and claimant had testified at earlier ones).

In this instance, the ALJ failed to develop a full evidentiary record regarding the circumstances surrounding Starr's missing the hearing. While the ALJ apparently asked the staff whether they recalled receiving inquiries from Starr's daughter, that by itself is not sufficient. There is no indication in the record that Jones or Starr were consistently unreliable or had missed any hearings or appointments in the past. There is no indication that Starr did not intend to appear or did not wish to appear at his hearing. There is nothing in the record to indicate that Starr knowingly or intentionally waived his right to appear or that his failure to appear was anything but inadvertent and unintentional. Although I am sympathetic to the ALJ's suspicions about the excuses given by Starr's daughter Jones, the fact

that the only communication came from Jones actually increases the need for further inquiry, in my opinion. If in fact Starr relies extensively on his daughter for transportation – which is likely, given the record showing that Starr has no driver's license and is easily disoriented – his claim should not fail merely because she may be unreliable. But in the absence of evidence of repeated missing of deadlines or failure to respond, it seems equally likely that Jones was overwhelmed by the personal events listed in her letter and simply did not understand where or whether her father needed to appear. Perhaps Starr's counsel should have done more to assure his client's appearance, but there is no reason to believe he suspected there was a problem. The ALJ and counsel both should make every attempt to assure that Starr, and whoever provides his transportation, gets the required notice. If in fact Starr himself is not capable of understanding about his need to appear, that may mean the ALJ needs to further develop the record concerning potential mental impairments that may have been caused by his alcoholism. In any event, the record here is not sufficient to find a knowing waiver. Although a constructive waiver might be found from conduct such as repeated failure to appear, a single non-appearance, coupled with a facially reasonable explanation, is not sufficient.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is

reversed and the case is remanded under sentence four of 42 U.S.C. § 405(g) so that claimant may be given an opportunity to appear at a hearing before the ALJ.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this <u>24th</u> day of <u>September</u>, 2008.